## NEW YORK COMMON PLEAS.

CHARLES COOPER *et al.* agt. JACKSON S. SCHULTZ and others, COMMISSIONERS OF THE METROPOLITAN SANITARY DISTRICT, THOMAS C. ACTON and others, COMMISSIONERS OF THE METROPOLITAN POLICE, constituting THE METROPOLITAN BOARD OF HEALTH.

The component parts of *The Metropolitan Board of Health* of the city of New York, cannot be *separated* in defending an action, so as to authorize the allowance of more than *one bill of costs.*

An action against The Metropolitan Board of Health, to restrain them by injunction from interfering with the business of the plaintiffs, as butchers, is not brought for or concerning any act done by a public officer by virtue of his office ; nor for or concerning the omission by a public officer or person, to do any act which it was his official duty to perform, consequently, does not come within the provision of the statute allowing *double costs.* (*It will be seen that this agrees with the next preceding case of Stewart* agt. *The Metropolitan Board of Health, upon these questions. No allusion is made in this case to the power of the clerk to decide and tax double costs.*)

The statute giving *double costs* has no application to *suits in equity.*

*Special Term, March,* 1867.

AN injunction was granted restraining the defendants from interfering with, or hindering the plaintiffs in their business as butchers, and the defendants severed in their answer.

The injunction was subsequently dissolved, and the action ordered to be discontinued on payment of taxable costs.

The clerk on the taxation allowed two bills of double costs, each including double disbursements; one to the attorney of the Sanitary Commissioners, and one to the attorneys of the Police Commissioners, and from this taxation the plaintiffs appealed.

ABRAHAM R. LAWRENCE, JR., *attorney for plaintiffs.*
GEORGE BLISS, JR., *attorney for Sanitary Commissioners.*
BROWN, HALL & VANDERPOEL, *attorneys for Police Commissioners.*

CARDOZO, J.   My conclusions in this matter are,—

*First.* That the Metropolitan Board of Health—a body created by the act of February 26th, 1866—is the only defendant in this case, and that its component parts cannot be separated in defending a suit, so as to authorize the allowance of more than one bill of costs.

*Second.* That double costs cannot be recovered; because,

1st. This suit was not brought for, or concerning any act done by a public officer by virtue of his office; nor for or concerning the omission by a public officer or person, to do any act which it was his official duty to perform. The action was brought to restrain the defendant from doing that which the plaintiffs claimed it ought not to be allowed to do.

2d. The statute giving double costs, has no application to suits in equity.

The ruling of the clerk should be reversed.